### SHILLITO v INDUST. COMM.

Ohio Appeals, 2nd Dist, Franklin Co.

No. 2972. Decided Jan. 17, 1940.

150

R.R. Zurmehly, Columbus, and Frank W. Krehbiel, Dayton, for relator.

Thomas J. Herbert, Attorney General, Columbus, for respondent.

**OPINION**

BY THE COURT:

This matter is before the Court on a petition in mandamus by Ada M. Shillito, relator, who alleges that on the 10th of October, 1936, her husband died, and that at a later date she made an application for compensation, reciting the cause of his death, and that she sought compensation therefor.

It is further alleged that her application came on for hearing before the Commission on the 27th of January, 1937; that the same was denied by the Commission for the reason that it had no jurisdiction; that notice was sent by the Commission to her and received by her on the 1st day of February, 1937, of the disallowance of the claim; that on February 3rd she signed an application for rehearing as provided by §1465-90, and that the same was filed with the Commission on February 4, 1937.

She further alleges that by inadvertence the Commission filed her application for rehearing with another paper instead of under the proper claim number of her application; that said application for rehearing was filed with the proper official, and that at a later date the application was found with other papers in the wrong file, and that the relator requested that she be given a rehearing; that the Commission refused to grant such request and dismissed said application for the reason that it had not been filed within thirty days from receipt of the notice of rejection; that said paper was in fact filed within four days from the date she had received the disallowance of her claim; that the Commission still refuses to give her a rehearing, which action is arbitrary and deprives her of her right. She prays for a writ of mandamus to issue, commanding the Commission to rehear her claim.

To this petition an answer is filed by the Industrial Commission, admitting certain facts, among them, that on or about January 27th, 1937, the application for compensation was heard and denied for the reason that the Commission had no jurisdiction; that the notice was sent to the relator on January 28th, and was received by her on February 1st, and that on February 3rd she signed an application for rehearing.

Respondent denies that said application for rehearing, was filed on February 4th; denies that by inadvertence it was filed with papers in another claim; denies that is was filed as alleged in the petition; that at a later date it

was found among the papers in the wrong file, but admits that relator requested that she be given a rehearing as provided by §1465-90, GC.

Respondent admits that it refused to grant the request and dismissed the application for the reason that it was not filed within thirty days after the receipt of the notice of disallowance. Relator denies that the application for rehearing was in fact filed within thirty days of the receipt by her of the notice of disallowance; admits that it refused to grant said relator a rehearing but denies that its action is arbitrary.

Respondent alleges that the only question before it in connection with the granting or refusing of the application for rehearing was one of fact, to-wit, whether the application had been filed with the respondent within the time required by law, and that said question involved the weighing of evidence and the exercise of discretion.

Respondent alleges that it duly considered the proof submitted upon said question, and upon original hearing of the application for rehearing and again upon the application for reconsideration of its order; the members were unanimous in their opinion that the application had not been filed within the time required by law or in the manner alleged by the relator and for that reason alone refused to grant the application for rehearing and dismissed the same.

It is claimed by the relator that the facts in support of the time of filing of the application are developed by the testimony of the witnesses as disclosed by depositions taken on the 18th day of November, 1938, the witnesses being Frank W. Krehbiel, an attorney of Dayton and counsel for relator, Eugene Krehbiel, also an attorney associated with his father, and Paris Woolery, also a Dayton attorney, who was at the time an employee of the respondent.

This Court is in doubt as to whether or not it may consider evidence produced by witnesses at a date subsequent to the finding of the Commission, inasmuch as the Commission had be-

fore it evidence upon the consideration of which it denied the application for rehearing. It occurs to us that inasmuch as the Commission heard the evidence touching the question as to whether the application for rehearing was filed in time and rendered the decision upon such evidence, that in a mandamus proceeding this Court may not consider evidence in relation to the very matter that was before the Commission and by it considered in its refusal to grant the application for rehearing. However, this matter is not of serious consequence, inasmuch as substantially all the evidence disclosed by the affidavits is exhibited by the proceedings before the Commission, the complete record of which is filed with us and which we have carefully considered.

The record on behalf of the relator tends to establish the following facts: That the relator received notice on the 1st of February, 1937, of the disallowance of her claim and on the 3rd of February signed an application for rehearing at the office of her attorneys in Dayton who then represented other clients in one of whose case a certain wage statement was involved; that this wage statement and the application for rehearing were clipped together and on February 4th the attorneys for the relator came to Columbus, and that the senior counsel appeared at the claim desk of the respondent in its office and placed upon the desk the wage statement relating to the other claim and the application for rehearing of the relator as the same were then clipped together; that counsel, going through the file of the claim of the relator failed to find the application for rehearing which he thought he had filed on the 4th of February. Counsel made inquiry of the officers as to the whereabouts of the application. At a later date, Mr. Woolery, a subordinate in the respondent's office, contacted counsel in Dayton and secured from him several file numbers of other claims represented by counsel, and Mr. Woolery testifies that he found the application for rehearing filed in another case immed-

152

iately under the wage statement above referred to, the wage statement being on top and the application immediately underneath. This discovery was made about the 16th of March. Mr. Woolery then inquired of a Mr. Coffman, also an employee, whether or not the paper could be marked filed, which was done by Mr. Coffman under the date of February 4th, this date being fixed by the fact that the application was attached to the wage statement that bore this file date. The photostatic copy of the application for rehearing is filed with the depositions and discloses a regular application for a rehearing signed by the relator and dated February 3rd. The photostatic copy bears a stamp marked, "Received February 4, 1937".

The record further discloses that the issue thus raised, as to whether or not the application for rehearing was filed within the statutory period, was fully considered by the Commission which arrived at the conclusion that the application for rehearing was not, as a matter of fact, filed within thirty days from the date of the notice of disallowing of the claim.

The question before us is the simple one as to whether or not by an action in mandamus this Court may command the Commission to rehear the claim.

Mandamus by §12283, GC, is defined to be a writ issued in the name of the state to an inferior tribunal, etc., commanding the performance of an act which the law specifically enjoins as a duty resulting from an office or trust.

Mandamus is a writ requiring a public board to perform an act which the law specifically enjoins as a duty resulting from the office, and may not be employed to control the discretion of a board and will not be awarded except where the relator shows that he has a clear legal right thereto.

A writ of mandamus will issue only when a clear right thereto appears and will not lie to control the discretion confided in an officer but only to correct the abuse of such discretion if it clearly appears that the same has been abused. **State v Commission, 126 Oh St 550.**

A writ of mandamus will not lie to require the Industrial Commission to entertain an application for rehearing not filed within thirty days after the claimant's receipt of notice.

**State, ex rel v Commission, 127 Oh St 541,** holds that in the absence of abuse of discretion the decision of the Commission as to whether an application for rehearing has been filed within the statutory period is final and that a writ of mandamus will not lie to require the Commission to entertain an application for rehearing not filed within thirty days.

Without going into further detail upon this matter, we are clearly of the opinion that the Commission itself had a right to determine whether or not the application for rehearing was filed within the statutory time, and having exercised this discretion, this Court is without authority to command it to grant the rehearing. The Commission has performed the function resposed in it in hearing the evidence touching the matter and arriving at a conclusion. There is nothing in the record showing that it has abused its discretion.

As related cases we cite: **State, ex rel Construction Co. v Commission, 119 Oh St 205; State ex rel Sheppler v Commission, 123 Oh St 256; State ex rel Huber v Commission, 126 Oh St 174; State, ex rel Coen v Commission, 126 Oh St 550.**

Had the Commission refused to hear the application for a rehearing a writ of mandamus would lie to compel it to do so, but having heard the application and having given to relator an opportunity to present the evidence in the matter, and having arrived at a conclusion such as they have announced, we are without further power to control the action of the Commission.

Writ denied.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.